UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA DIANE BALL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 14-cv-05714 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 10, 11, 12).

After considering and reviewing the record, the Court concludes that the ALJ erred in giving little weight to the opinion of examining psychologist Dr. Christmas

Covell, Ph.D. because the ALJ incorrectly determined that Dr. Covell's opinion was based largely on plaintiff's self-reports. Further, the ALJ erred by failing to discuss significant, probative evidence from Dr. Covell regarding her opinion that plaintiff had limitations in her in ability to adapt to changes and in her ability to work with co-workers and the general public. Had the ALJ credited fully the opinion of Dr. Covell, the RFC would have included additional limitations, thus the error is not harmless.

Therefore, this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, SAMANTHA DIANE BALL, was born in 1983 and was 27 years old on the alleged date of disability onset of December 31, 2010 (*see* AR. 183-89, 190-91). Plaintiff graduated from high school and has some college credits (AR. 37). Plaintiff has work experience as a retail sales clerk, fast food worker, caregiver, and production worker (*see* AR. 224). Plaintiff was last employed as a caregiver and she stopped working because she could not fulfill the work requirements (AR. 38).

According to the ALJ, plaintiff has the severe impairments of "fibromyalgia, anxiety disorder, depressive disorder, migraine headaches, bilateral carpal tunnel syndrome, opioid dependence, and cannabis abuse (20 CFR 404.1520(c) and 416.920(c))" (AR. 13).

At the time of the hearing, plaintiff was living in a house with her three children (AR. 35, 36).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 61-72, 73-84, 87-100, 101-14). Plaintiff's requested hearing was held before Administrative Law Judge Cynthia D. Rosa ("the ALJ") on March 8, 2013 (*see* AR. 29-58). On May 17, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 8-28).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred in rejecting the medical opinions of Dr. Christmas Covell, Ph.D.; and (2) Whether the error was harmless (*see* Opening Brief, Dkt. 10, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

//

ORDER ON PLAINTIFF'S COMPLAINT - 3

## DISCUSSION

### (1) Whether the ALJ erred in rejecting the medical opinions of Dr. Christmas Covell, Ph.D.?

Plaintiff argues that the ALJ improperly rejected the medical opinions of examining psychologist Dr. Christmas Covell, Ph.D. (*see* Opening Brief, Dkt. 10, pp. 2-4). Specifically, plaintiff contends that Dr. Covell's findings were not based largely on self-reports, and thus the ALJ erred when she discredited Dr. Covell's opinion for this reason (*id.*).

Dr. Covell submitted a Psychological Report on October 31, 2011 (AR. 517-26). The report was based on information obtained from a clinical interview with a mental status examination ("MSE") of plaintiff and Dr. Covell's review of an adult function report completed by plaintiff, a follow-up medical evaluation from Cascade Mental Health, and an initial medical evaluation from Bayview Medical Clinic (AR. 517). Dr. Covell diagnosed plaintiff with obsessive-compulsive disorder, generalized anxiety disorder, (provisional) panic disorder with agoraphobia, depressive disorder, not otherwise specified, and caffeine dependence (AR. 523-24). Dr. Covell opined that plaintiff appeared "capable of understanding, remembering and carrying out simple as well as routine complex tasks and activities, though [plaintiff] may experience periodic significant difficulty" (AR. 524). Dr. Covell also opined that plaintiff "can likely work adequately with a supervisor, though [plaintiff] is anticipated to have substantial difficulty working with co-workers and the general public" (AR. 524-25). Additionally, plaintiff's symptoms would substantially impact her attendance, pace, and ability to

persist through a typical workweek, and plaintiff would have significant difficulty adapting to changes in setting, environment, and expectations (*id.*).

The ALJ stated that she

> gives little weight to the assessments of Christmas Covell, Ph.D., who performed a psychological consultative examination of the claimant on October 31, 2011 (6F). It is noteworthy that the claimant denied abuse of prescription medications (6F/7), which is inconsistent with other evidence in the record and would have been important information for Dr. Covell to have in rendering an accurate psychological assessment of the claimant. Although the claimant struggled in some aspects of the mental status examination, overall her performance supports Dr. Covell's finding that the claimant is capable of understanding, remembering, and carrying out simple, routine tasks and activities. However, Dr. Covell's opinions regarding the severity of the claimant's "persistent ruminations/preoccupation related to her obsessive thinking patterns" and their substantial impact on her attendance, pace, and ability to persist through a normal workweek appear to be largely based upon the claimant's self-report of symptoms, which, as discussed above, the undersigned has found to be not wholly credible. The undersigned is unable to give significant weight to any assessment or opinion that relies heavily on the claimant's statements.

(AR. 20-21).

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194,

1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The [MSE] allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the [MSE] is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

Dr. Covell performed an extensive and thorough MSE, listing a number of results (AR. 522-23). The MSE showed that plaintiff was able to track changes in the topic of conversation, accurately complete serial 3s "(albeit slowly)", follow simple written and oral commands, name objects, and produce a simple written statement (AR. 522). Plaintiff struggled to spell a simple word backward after spelling it correctly forward, struggled to accurately recast a phrase, and was unable to copy a figure accurately (*id.*). Plaintiff was able to recall a three item list immediately following presentation, but could

only recall one item after a brief period of distraction (*id.*). Based on a series of questions and hypothetical situations, Dr. Covell found that plaintiff's fund of knowledge appeared low average, her basic social judgment appeared fair to poor, and her abstraction ability appeared fair (AR. 522-23).

Dr. Covell also reported many of her observations (AR. 517-25). For example, Dr. Covell observed that plaintiff presented as anxious and uncomfortable, sitting with her arms tightly crossed, knees pressed together, and exhibiting a slight rocking motion (AR. 522). Plaintiff had poor eye contact (*id.*). Plaintiff was soft-spoken, though her speech appeared normal in rhythm and rate (*id.*). Dr. Covell also noted that plaintiff's "[a]ffect appeared anxious and downcast, restricted (though periodically tearful) and mood congruent. [Plaintiff's i]nsight appeared fair" (*id.*).

Based on a review of the relevant record, the Court concludes that Dr. Covell's opinion of plaintiff's limitations was not largely based on plaintiff's self-reported symptoms. Rather, Dr. Covell provided a medical source statement that was based on medical records, Dr. Covell's observations, the objective results of the MSE, and plaintiff's self-reported symptoms. Thus, the ALJ's finding that Dr. Covell's assessment was based largely on plaintiff's self-reported symptoms is not supported by substantial evidence.

The ALJ also failed to address Dr. Covell's opinions that plaintiff would have difficulties in adapting to changes in setting, environment, and expectations and difficulties in working with co-workers and the general public (*see id.*). The Commissioner "may not reject 'significant probative evidence' without explanation."

*Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. The ALJ failed to explain why her interpretation of plaintiff's difficulties in adapting to changes and in working with co-workers and the general public, rather than Dr. Covell's opinion, is correct. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Based on the above stated reasons and a review of the relevant record, the Court concludes that the ALJ's decision to give little weight to the opinion of Dr. Covell is not specific and legitimate and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

**(2) Whether the ALJ's error was harmless**

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

(*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

In addition, the Ninth Circuit recently concluded that it was not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. Such is the case here.

In the RFC assessment, the ALJ found, in relevant part, that plaintiff "is able to perform simple routine, repetitive tasks in an environment that does not require direct work with the public or more than superficial contact with co-workers" (AR. 16). Had the ALJ credited fully Dr. Covell's opinion, the RFC would have also included limitations in plaintiff's attendance, pace, and ability to persist through a typical workweek and in

plaintiff's ability to adapt to changes in setting, environment, and expectations. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical, the error affected the ultimate disability determination and was not harmless.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 10th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge